PHILLIP GOLDBERG, Appellant, v. MOLLIE KORMAN and AUGUSTA VERA LEIBO, Respondents; SAMUEL KORMAN, Defendant.— Order dismissing amended complaint for insufficiency in an action for a money judgment for damages claimed to have resulted from a conspiracy entered into by the defendants to deprive plaintiff of an opportunity to collect a judgment, and judgment entered in accordance therewith, unanimously affirmed, with ten dollars costs and disbursements, without prejudice to the commencement of an action pursuant to sections 276, 278 of the Debtor and Creditor Law. Plaintiff already has a judgment and may not obtain another and thus exact a double recovery. Lazansky, P. J., Hagarty, Adel and Taylor, JJ., concur; Carswell, J., concurs in result.

LUCY GALATOLA GRAMAGLIA, Respondent, v. THE CITY OF NEW YORK, Appellant.— Action to recover damages for personal injuries. The plaintiff was injured while in the act of boarding defendant's subway train. Judgment reversed on the facts and a new trial granted, costs to abide the event, on the ground that the verdict is against the weight of the evidence on the theory of the facts upon which the case was submitted to the jury. The only evidence which warranted a submission to the jury was that relating to failure reasonably to control passengers emerging from the cars, if it be found that in the exercise of ordinary care there should have been such control because of pushing and shoving each morning, if the latter evidence be credited. No submission was pointedly made to the jury on this theory. Lazansky, P. J., Carswell, Adel and Taylor, JJ., concur; Hagarty, J., concurs as to the reversal, but dissents as to granting a new trial and votes to dismiss the complaint, with the following memorandum: The testimony of the witness Segal that the space between the car and the platform was but three inches is based on actual measurements and must prevail over mere estimates. There was no crowding.